UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-61102-Civ-COOKE/TURNOFF

PLANTATION GENERAL HOSPITAL, L.P.,

    Plaintiff,

v.

CAYMAN ISLANDS, a British Overseas
Territory,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO
DISMISS COUNT II OF PLAINTIFF'S AMENDED COMPLAINT**

THIS MATTER is before me on Defendant Cayman Islands' Motion to Dismiss Count II of the Amended Complaint. (ECF No. 43). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's motion is granted in part and denied in part.

**I. BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint. (ECF No. 37). On September 13, 2008, the Cayman Islands government requested that Plaintiff Plantation General Hospital, L.P. ("Plantation") provide medical care to one of its residents, Dori Mae Ebanks-Ramgeet. According to the Amended Complaint, no medical facility in the Cayman Islands was capable of providing the care Ms. Ebanks needed as a result of certain complications she developed during pregnancy.

At the time Ms. Ebanks was transported to Plantation on September 13, 2008, Dr. Gerald

Smith, Chief Medical Officer of the Cayman Islands, executed a Letter of Guarantee on behalf of the Cayman Islands government, guaranteeing payment for Ms. Ebanks' medical expenses up to $100,000.  The Letter of Guarantee stated, in pertinent part:

> You are hereby advised that the Cayman Islands Government will be responsible for medical expenses to be incurred by the said Dori Mae Ramgeet Ebanks in the amount of US$100,000.00.  Any amount in excess of this must be secured by another letter of guarantee from the Chief Medical Officer.  Failing this, the Cayman Islands Government will only be responsible for the amount stated in this letter.

(Am. Compl. Ex. A, ECF No. 37).

On September 16, 2008, Ms. Ebanks gave birth to an extremely premature baby, Kayleigh Bacchus.  Ms. Ebanks remained a patient at Plantation's facility until September 20, 2008.  Plantation placed the baby in the neonatal intensive unit for medical care; she remained a patient at Plantation's facility until January 25, 2009.  On October 8, 2008, Plantation's Chief Financial Officer sent a letter to Dr. Smith advising him that Ms. Ebanks had delivered her baby at Plantation's hospital facility, and the baby was now a patient receiving care at the hospital.  The letter stated that the baby's expected length of stay would be approximately until December 15, 2008.  The letter approximated an account balance of $600,000.  The letter stated that it "serve[d] as a request for an additional guarantee to cover the baby's stay."  (Am. Compl. Ex. B).

The Amended Complaint does not state whether the Cayman Islands ever responded to the October 8 letter.  According to the Amended Complaint, however, a Plantation representative later contacted a Cayman Islands representative and requested payment for services provided to Ms. Ebanks and her baby.  The Cayman Islands representative advised Plantation to seek payment for the baby's hospital bill from Medicaid as the baby was born in Florida.  The outstanding hospital bill for Ms. Ebanks (after deducting payments made by her health insurance company)

totaled $33,491.15, and for her baby (also after deducting payments made by her health insurance company) totaled $1,384,158.25.

On November 28, 2011, Plantation filed a two-count Amended Complaint against the Cayman Islands. The first count is for the payment of $100,000, pursuant to the Letter of Guarantee. The second count is to recover $1,417,649.30, pursuant to the equitable doctrine of quantum meruit. On December 22, 2011, the Cayman Islands filed a motion to dismiss the quantum meruit claim with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARDS

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating a complaint subject to a motion to dismiss, all factual allegations must be accepted as true; however, mere conclusory statements "are not entitled to the assumption of truth." *See Iqbal*, 129 S. Ct. at 1949–50. The factual allegations alone must state a facially plausible entitlement to relief. *Id.* The standard of facial plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *see* Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

### III. ANALYSIS

To state a claim for quantum meruit a plaintiff must allege:

> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Florida law provides that a claim for quantum meruit cannot lie when an enforceable written contract governing the subject matter of the dispute exists. *See Sea Byte, Inc. v. Hudson Marine Mgmt. Servs., Inc.*, 565 F.3d 1293, 1301 (11th Cir. 2009) (quoting *Corn v. Greco*, 694 So. 2d 833, 834–35 (Fla. Dist. Ct. App. 1997)).

In contrast, a plaintiff may recover in quantum meruit where the parties have a contract implied in fact, i.e., a contract "based on a tacit promise, one that is inferred in whole or in part from the parties' conduct, not solely from their words." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. Dict. Ct. App. 1997). In a contract implied in fact,

> the parties have in fact entered into an agreement but without "sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement in order to give the effect which the parties presumably would have agreed upon if, having in mind the possibility of the situation which has arisen, they had contracted expressly thereto.

*Tooltrend*, 198 F.3d at 806 (quoting *Commerce P'ship*, 695 So. 2d at 386 (internal quotation marks omitted).

The Cayman Islands argues that Plantation's claim for quantum meruit should be dismissed with prejudice because a plaintiff cannot simultaneously allege a quasi-contractual claim and the existence of an express written contract. Neither party disputes the existence of the

Letter of Guarantee, which provides for Ms. Ebanks' medical treatment. Plantation, however, argues that it is possible to infer from the Cayman Islands' conduct that it intended Plantation to successfully deliver Ms. Ebanks' baby, and would compensate Plantation for the services it provided.

Plaintiff's Amended Complaint, as pled, does not sufficiently state a claim for quantum meruit. Based on the damages figure contained in Count II, it appears that Plantation seeks to recover in quantum meruit damages pertaining to both Ms. Ebanks and her baby. Because a written contract exists as to Ms. Ebanks, Plantation cannot resort to the equitable remedy of quantum meruit to recover medical costs associated with her treatment. Plantation also fails to provide sufficient facts to place the Cayman Islands on notice of the nature of it claim, i.e., what benefits Plantation allegedly conferred and the Cayman Islands allegedly accepted. For these reasons, Count II is dismissed.

However, because it appears that a quantum meruit remedy is not precluded as a matter of law under the unique facts of this case, I will not dismiss the claim with prejudice. Although the Letter of Guarantee specifically states that it covers Ms. Ebanks' medical treatment, it does not expressly address the care of Ms. Ebanks' baby.[1] The Amended Complaint states that the Cayman Islands sent Ms. Ebanks to Plantation so she *and her baby* could receive appropriate medical care, which was not available in the Cayman Islands. Such facts may suggest an implied in fact contract between the parties that Plantation would also care for the baby in exchange for the Cayman Islands' payment of the medical care costs. Further, it is possible to infer that, had

---

[1] This Court does not purport to make a finding that the parties did not intend the Letter of Guarantee to cover all medical expenses, including those of Ms. Ebanks's baby. That is a question of fact to be determined at summary judgment or trial. I have set forth the facts in this paragraph merely to demonstrate that the remedy of quantum meruit *may* be available as a matter of law if sufficiently supported by allegations of fact.

the baby been born at a facility in the Cayman Islands, the Defendant would have assumed all the medical costs associated with her care. Plantation bore the costs instead. In this way, Plantation may have conferred a benefit upon the Cayman Islands. After the birth, Plantation certainly could not refuse to continue to provide services to a newborn in medical distress until it secured a new guarantee from the Cayman Islands.

Although this is a plausible theory of the case, it is not one that Plantation has expressly alleged. Rather, Plantation's Amended Complaint fails to allege sufficient facts for this Court or the Cayman Islands to understand what its theory of recovery may be. This Court will grant Plantation leave to amend its Amended Complaint if it believes it can set forth sufficient facts to support a quantum meruit claim.

### IV. CONCLUSION

For the reasons explained in this Order, Defendant's Motion to Dismiss Count II of the Amended Complaint (ECF No. 43) is **GRANTED in part and DENIED in part**. Count II is **DISMISSED** *without prejudice*. Plaintiff may file a Second Amended Complaint within twenty-one days of the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of March 2012.

_____
MARCIA G. COOKE
United States District Judge